## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                      BKY No.: 21-31539
                                                                     Chapter 7

LOCAL MOTION MN, LLC,

                              Debtor.

---

Patti J. Sullivan, Trustee,                                 ADV No.: 23-_____

                              Plaintiff,

v.

Craig Nester, Justin Christenson, Mitchel
Rittenhouse, Mover 2.0 LLC d/b/a Modern
Moving and Modern Movers,

                              Defendants.

---

## ADVERSARY COMPLAINT

---

Patti J. Sullivan, the Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") for the estate of

Local Motion MN, LLC ("**Debtor**"), as and for her complaint (the "**Complaint**") against Craig

Nester ("**Nester**"), Justin Christenson ("**Christenson**"), Mitchel Rittenhouse ("**Rittenhouse**"),

and Mover 2.0 LLC d/b/a Modern Moving and Modern Movers ("**Mover 2.0**") (collectively,

"**Defendants**"), states and alleges as follows:

## PRELIMINARY STATEMENT

Debtor commenced this bankruptcy case as a Chapter 11 case on September 10, 2021

(the "**Petition Date**").  Debtor operated as a local moving and storage business in the Twin

Cities metropolitan area.  Per its schedules, Debtor operated from 2500 Walnut St., Ste. 200,

Roseville, MN 55113.  Debtor's petition was executed by Mitchel Rittenhouse as Chief Financial

8622488v4

Officer.  [Doc. 1].   Rittenhouse was also the managing member of the Debtor.  Nester and Christenson were also involved in the operations and management of the Debtor.

On March 17, 2022, the Debtor filed its Second Modified Plan of Reorganization [Doc. 109].  Shortly thereafter, on April 18, 2022, Christenson formed Mover 2.0.  What has become apparent in retrospect is that Rittenhouse, Nester and Christenson, in violation of their fiduciary duties and 11 U.S.C. § 549, utilizing the shield provided by a Chapter 11 proceeding, migrated the Debtor's business, including certain of its assets, to Mover 2.0 and, once the cupboard was bare, converted the case to a Chapter 7 proceeding on March 22, 2023, resulting in the appointment of the Trustee.  The purpose of this action is to recover funds which would been available to creditors had Defendants acted in the best interest of the creditors, rather than in their own.

Upon the commencement of the case, September 10, 2021, the Debtor listed assets of $415,142.37 and liabilities (creditor claims) of $3,591,884.11.   [Doc. 1].  The post-conversion report [Doc. 178] dated April 7, 2023, reflects that the Debtor had cash receipts of $5,879,048 and disbursements of $5,878,883 while in Chapter 11, leaving a balance of $163.43 for creditors. In addition, the Debtor accrued $257,268.47 in additional debt while in Chapter 11.  *Id.*

**BASIS FOR RELIEF**

1.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502(d), 544, 547, 548, 549, 550, Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Minnesota statutes, and common law claims of breach of fiduciary duty, breach of the duty of loyalty, breach of the duty of due care, and substantive consolidation.

## JURISDICTION

2.      The Bankruptcy Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b).  This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

3.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

4.      Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## PARTIES

6.      Patti J. Sullivan is a member of the panel of private chapter 7 trustees established by the United States Trustee pursuant to 28 U.S.C. § 586(a)(1).  The Trustee is the Chapter 7 Trustee of the Debtor and its bankruptcy estate and is empowered to bring this action.

7.      The Debtor is a limited liability company formed and existing under the laws of the State of Delaware.  The Debtor originally filed its formation documents with the Delaware Secretary of State on January 8, 2015 and registered as a foreign corporation in Minnesota on the same date.

8.      Rittenhouse is a resident of the State of Arizona and was the most recent CFO and managing member of the Debtor.

9.      Nester is the former interim CEO of the Debtor and is a resident of Woodbury, MN.

8622488v4                                                                   3

10.     Christenson is the former Vice President of Business Development and Operations for the Debtor and is associated with Mover 2.0.  LinkedIn lists Christenson as the Chief Executive Officer of Mover 2.0.  Christenson is a resident of Fridley, MN.

11.     Mover 2.0 was formed in Minnesota on April 18, 2022.  Mover 2.0 filed for the assumed name of "Modern Movers" on January 9, 2023.  Mover 2.0 also filed for the assumed name of "Modern Moving" on January 24, 2023.  Mover 2.0 offices in Roseville, MN.

### DUTIES OWED IN A CHAPTER 11 PROCEEDING

12.     Debtors in possession, of those in control of them, have a fiduciary duty to the bankruptcy estate and the Debtor's unsecured creditors.  The United States Supreme Court has made clear that a debtor in possession, like a Chapter 11 trustee, owes the estate and its creditors a general duty of loyalty.  In practice these fiduciary duties fall not upon the inanimate corporation, but upon the officers and managing employees who must conduct the Debtor's financial affair under the surveillance of the Court.

13.     Chapter 11 cases are filed on behalf of businesses to preserve and protect their assets through reorganization, or in order to effect an orderly liquidation of such assets.  In either case, the goal of Chapter 11 is to maximize the value of money and property available to distribution to creditors.  A person in charge of a business in Chapter 11, whether acting as a trustee or debtor-in-possession, is obligated to use best efforts to so maximize the value of the Debtor's estate.

### FACTS COMMON TO ALL CAUSES OF ACTION

14.     During the course of this case, the individual Defendants ceased managing the Debtor for the benefit of its unsecured creditors.  Instead, they acted to divert revenue to their new business enterprise - Mover 2.0 LLC d/b/a Modern Moving and Modern Movers.  Once the

8622488v4                                                      4

well was dry, they converted this case to Chapter 7 and continued operating the Debtor's business with a new name.

15.      During the course of the Chapter 11 case, Defendants diverted assets of the Debtor – cash, hard assets and clientele – to Mover 2.0, the extent of which is not presently known by the Trustee.

16.      In May of 2022, Mover 2.0 and the Debtor entered into a "Service Provider Agreement," a copy of which is attached hereto as **Exhibit A** (the "**SPA**").   The core concept of the SPA was to shift Debtor's operation from the debtor in possession to Mover 2.0.   The signators of the SPA are illegible.

17.      Upon information and belief and upon review of Mover 2.0's Wells Fargo bank statements for an account ending in 1543, during the Chapter 11 period of this case there were transfers from Debtor's account to Mover 2.0 in excess of $600,000.00.  Upon information and belief, some of the transfers were payments for loans purportedly made by Mover 2.0[1] to the Debtor and for services provided by Mover 2.0 to Debtor.  The Trustee has not been provided a complete accounting evidencing the nature and purpose of the transfers or whether there was any consideration.

18.      The SPA was not presented to the U.S. Bankruptcy Court for approval per 11 U.S.C. § 363 or otherwise.

19.      Evidence of the diversion of business is a claim filed by Shannon Melichar in the Ramsey County Conciliation Court (Court File 62-CO-23-1321).  In her Statement of Claim, Melichar alleged that she had hired the Debtor in March 0f 2023 only have Mover 2.0 be the provider in what she termed a "bait and switch."

---

[1] Although the Trustee is unaware of any such financing having been approved by the Court.

20.     During the course of the Chapter 11 case, Defendants acted to siphon Debtor's business to Mover 2.0 as evidenced by the following:

A. Debtor's schedules list no property held for another.  Yet, Defendants moved all of Debtor's furniture to Mover 2.0 claiming that it belonged to Christenson (or an entity associated with him) and that it was his right to take the furniture.  The furniture, however, was an asset of the Debtor.

B. Defendants claimed to have purchased "vaults" used for storage and to have relocated them to Mover 2.0.

C. Upon information and belief, Defendants regularly directed clients calling "Local Motion" to Mover 2.0 and usurped those business opportunities.

D. Defendants orchestrated "off books" moving orders and diverted the revenue. Examples are found in **Exhibit B** attached hereto.

E. Defendants failed to reconcile or maintain accurate books and records for the Debtor.

F. Debtor, under Defendants' management, double billed customers for storge in April of 2022.   Details are in **Exhibit C**, attached hereto.

G. While working for and being paid by the Debtor, Defendants worked to establish a competitor, Mover 2.0, and converted Debtor's case, with no benefit to unsecured creditors, once that was accomplished.

H. Defendants employed an attorney named Steven Boynton without approval of this Court and paid him in excess of $40,000.00 of the Debtor's funds for legal services, the purpose of which are presently unknown as Mr. Boynton has refused to respond to counsel for the Trustee.  Nonetheless, Defendants caused Debtor's

resources to be utilized in a manner contrary to the dictates for professionals during a Chapter 11 case.

I.  Upon information and belief, Defendant Christenson received cash in excess of $59,701.00 from the Debtor and did not provide any consideration to the Debtor.

## COUNT I
### (Breach of Fiduciary Duty/Duty of Loyalty against Rittenhouse, Nester and Chistenson)

21.  Plaintiff repeats and re-alleges each and every allegation set forth in the forgoing paragraphs of this Complaint as if fully set forth at length herein.

22.  Defendants Craig Nester, Justin Christenson, and Mitchel Rittenhouse in their capacity as management of the Debtor during the Chapter 11 portion of this case owed a duty of loyalty to the Debtor.

23.  Defendants Craig Nester, Justin Christenson, and Mitchel Rittenhouse breached this duty by taking actions for the benefit of themselves and Mover 2.0, respectively, in conscious disregard of their responsibilities and the best interests of the Debtor, or by failing to act on the Debtor's behalf when they had a known duty to do so, including without limitation, the statements in paragraph 19 of this Complaint.

24.  Defendants Craig Nester, Justin Christenson, and Mitchel Rittenhouse failed to act in good faith and engaged in knowing and willful misconduct for their own benefit, all to the detriment of the Debtor, and in breach of their duty of loyalty.

25.  As a direct and proximate result of Defendant Craig Nester, Justin Christenson, and Mitchel Rittenhouses' breach, the Debtor's estate has been damaged in an amount to be proven at trial in this action.

## COUNT II
### (Breach of Fiduciary Duty/Duty of Care against Rittenhouse, Nester and Chistenson)

26.    Plaintiff repeats and re-alleges each and every allegation set forth in the forgoing paragraphs of this Complaint as if fully set forth at length herein.

27.    In their capacity as the management of the Debtor, Defendants Craig Nester, Justin Christenson, and Mitchel Rittenhouse owed a duty of care to the Debtor.

28.    To the extent that any of the wrongdoing alleged above was not the result of a breach of the duty of loyalty on the part of Defendants Craig Nester, Justin Christenson, and Mitchel Rittenhouse, it resulted from Defendants' breach of their duty of care, including by failing to (a) act in the same manner as a reasonably prudent person in their position would, and (b) make informed, good faith, rational decisions without the presence of a conflict of interest.

29.    As a direct and proximate result of Defendants' breach, the Debtor's estate has been damaged in an amount to be proven at trial in this action.

## COUNT III
### (Unauthorized Post-Petition Transfer-11 U.S.C. §§ 549 and 550)
### (Against Mover 2.0)

30.    Plaintiff repeats and re-alleges each and every allegation set forth in the forgoing paragraphs of this Complaint as if fully set forth at length herein.

31.    The clients, assets, money, goodwill and other assets of value transferred to or for the benefit of Defendants (the "**Transfers**") were property of the Debtor's estate.

32.    With respect to the monetary component of the Transfers, the Trustee has identified the transfers which evidence hundreds of thousands of dollars being transferred from the Debtor to Mover 2.0.

33.    Substantial sums were wrongfully transferred to Chistenson, as well, during the course of the Chapter 11 case.

34. The Transfers from the Debtor to or for the benefit of Defendants occurred after the Petition Date.

35. The Transfers were not authorized by any provision of the Bankruptcy Code or any Order of the Bankruptcy Court.

36. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendants avoiding the Transfers and finding Defendants liable for their return.  The Trustee reserves the right to increase her demand upon the discovery of new information via discovery in this case or otherwise.

## COUNT IV
### (Preference - 11 U.S.C. § 547)
### (Nester)

37. Plaintiff repeats and re-alleges each and every allegation set forth in the forgoing paragraphs of this Complaint as if fully set forth at length herein.

38. In the ninety days prior to the commencement of this bankruptcy case, the Debtor paid Defendant Nester the sum of $11,375.08 on account of an antecedent debt (the "**Nester Transfers**").

39. Prior to commencing this adversary proceeding, the Trustee exercised reasonable due diligence by reviewing the Debtor's records regarding the payments at issue. The Trustee has taken into account the defendant's known or reasonably known affirmative defenses under 11 U.S.C. § 547(c).

40. The Nester Transfers were the transfer of an interest of the Debtor in property made on account of an antecedent debt.

41. Debtor was insolvent at the time of the Nester Transfers as evidenced by his schedules filed in this bankruptcy case.

8622488v4

9

42.     The Nester Transfers would enable Nester to receive more payment on his claim than he would receive if the Transfer had not been made.

43.     Pursuant to 11 U.S.C. § 547, the Trustee is entitled to avoid the Nester Transfers.

44.     On Count IV, the Trustee requests that the Court enter an Order finding that the Nester Transfers are avoidable as a preference, awarding judgment in favor of the Plaintiff and against Nester in the amount of $11,375.08.

### COUNT V
### (Objection to Claim – 11 U.S.C. § 502(d))
### (Against all Defendants)

45.     Plaintiff repeats and re-alleges each and every allegation set forth in the forgoing paragraphs of this Complaint as if fully set forth at length herein.

46.     Defendants may have timely filed a proof of claim against the Debtor.

47.     The Trustee objects to any claim asserted by any Defendant in this case until such time as Defendants make the bankruptcy estate whole pursuant to 11 U.S.C. §502(d). The Trustee requests that any claim filed by any Defendant be disallowed in its entirety.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a)     As to Count I (breach of fiduciary duty/duty of loyalty), granting judgment against Rittenhouse, Nester and Chistenson in a sum to be determined at trial believed to be in excess of $267,629.00;

b)     As to Count II (breach of fiduciary duty/duty of care), granting judgment against Rittenhouse, Nester and Chistenson in a sum to be determined at trial believed to be in excess of $267,629.00;

c)     As to Count III (unauthorized transfer), granting judgment against Defendants in a sum to be determined at trial;

d)      As to Count IV, awarding a judgment against Nester in the sum of $11,375.08.

e)      As to Count V, disallowing proofs of claim filed in this bankruptcy case by Defendants; and,

f)      Granting such other and further relief as this Court deems just and equitable.

**MOSS & BARNETT**

Date: September 8, 2023                    *s/ Matthew R. Burton*

Matthew R. Burton (#210018)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
P: (612) 877-5399; F: (612) 877-5066
E: Matthew.Burton@lawmoss.com

***ATTORNEYS FOR PLAINTIFF PATTI J.
SULLIVAN, TRUSTEE***

8622488v4                                    11