## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No.: 21-31539 |
| | Chapter 7 |
| LOCAL MOTION MN, LLC, | |
| Debtor. | |

| | |
|---|---|
| Patti J. Sullivan, Trustee, | ADV Case No.: 23-3053 |
| Plaintiff, | |
| v. | |
| Craig Nester, Justin Christenson, Mitchel Rittenhouse, Mover 2.0 LLC d/b/a Modern Moving and Modern Movers, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

In consideration of the covenants and provisions contained herein and other good and valuable consideration, Patti J. Sullivan, Trustee ("**Plaintiff**" or "**Trustee**") of the bankruptcy estate of Local Motion MN, LLC ("**Debtor**"), and Justin Christenson, Mitchel Rittenhouse and Mover 2.0 LLC d/b/a Modern Moving and Modern Movers (collectively, the "**Defendants**") have entered into this Settlement Agreement ("**Agreement**") resolving claims or objections asserted between the parties in the above-captioned Adversary Proceeding (the "**Adversary Proceeding**").

WHEREAS, on September 8, 2023, Plaintiff commenced this Adversary Proceeding seeking a monetary judgment against Defendants; and

WHEREAS Defendants asserted defenses to the Trustee's claims; and

8970458v1

EXHIBIT A

WHEREAS, the parties attended mediation before the Honorable William J. Fisher, which has resulted in an agreement being reached as set forth herein.

WHEREAS, the parties desire to resolve this matter without either party incurring more in the way of attorneys' fees or costs.

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.      Defendants shall collectively pay the Trustee the sum of Forty-Nine Thousand Dollars ($49,000.00) in full satisfaction of the Trustee's claims in the Adversary Proceeding on or before July 10, 2024, subject to the Bankruptcy Court entering an order approving this Agreement (the "**Settlement Funds**") in the interim. The Settlement Funds shall be made by way of Cashier's Check or Money Order made payable to "Patti J. Sullivan, Trustee" and delivered to the Trustee at the following address: 1595 Selby Avenue, Suite 205, St. Paul, MN 55104.

2.      In the event that the Defendants default on their payment obligation, the default amount due to the Trustee shall increase to One-Hundred Thousand Dollars ($100,000.00). No notice of default or cure period is required.

3.      Defendants shall each provide the Trustee with an accurate personal financial statement and their complete prior two years tax returns within a week of this Agreement in a form acceptable to the Trustee.  The Trustee will then have a week to assess whether to proceed with this Agreement or not.  The information provided to the Trustee shall be deemed to be submitted under oath.

4.      This Agreement is subject to approval of the Bankruptcy Court.

5.      Defendants agree and acknowledge that they are jointly and severally liable as to the obligations detailed herein.

8970458v1

Document ID: 70544375cadcba872d7b0dc6ed1691bb54892eb9793f89fc9d47a71292f4433a

6.      Defendants shall execute a Confession of Judgment to secure their obligations under this Agreement simultaneously upon execution of this Agreement.

7.      Subject to and upon payment in full of all Settlement Funds and the Bankruptcy Court's approval of this Agreement, for good and valuable consideration, the receipt of which is hereby acknowledged, the Trustee and the bankruptcy estate fully and finally release and discharge Defendants from the Trustee's claims asserted in the Adversary Proceeding.

8.      Upon the Bankruptcy Court's approval of this Agreement, Defendants release and discharge the Trustee, her agents and professionals and the bankruptcy estate from all actions or claims that they have arising out of Defendants' actions prior to the date of this Agreement.

9.      Defendants shall not be entitled to file claims pursuant to 11 U.S.C. § 502(h).

10.     Each party shall be responsible for their own costs and attorneys' fees.

11.     If the Bankruptcy Court does not approve this Agreement, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties.

12.     It is specifically understood and agreed that the consideration hereinfore recited is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims; and there are no covenants, promises or undertakings outside of this Agreement other than as specifically set forth herein.

13.     This Agreement shall be construed under the laws of the State of Minnesota and the parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms and provisions of the Agreement.

8970458v1

Document ID: 70544375cadcba872d7b0dc6ed1691bb54892eb9793f89fc9d47a71292f4433a

14.     This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives.

15.     This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

**THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.**

[SIGNATURE PAGE TO FOLLOW]

Dated: _____     01/30/2024 PST

*Patti Sullivan*
Signer ID: QPNV1AKC11...

Patti J. Sullivan, Trustee

Dated: _____     01/25/2024 PST

*Justin Christenson*
Signer ID: FJEIZE5E11...

Justin Christenson

Dated: _____     01/25/2024 PST

*Mitch Rittenhouse*
Signer ID: TDVGBQZI11...

Mitchel Rittenhouse

**MOVER 2.0 LLC D/B/A MODERN MOVING AND MODERN MOVERS**

Dated: _____     01/25/2024 PST

*Mitch Rittenhouse*
Signer ID: TDVGBQZI11...

By: Mitch Rittenhouse
_____

Its: _____

8970458v1